IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVONNE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ICON-SALT LAKE CITY,<br><br>Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00427-JNP-DAO<br><br>District Judge Jill N. Parrish |

Magistrate Judge Oberg issued a Report and Recommendation (R&R), ECF No. 27, that the court grant defendant ICON-Salt Lake City's[1] motion to dismiss, ECF No. 14. Plaintiff Davonne Williams filed an objection to the R&R. ECF No. 28. The court OVERRULES the objection, ADOPTS the R&R, and GRANTS ICON's motion to dismiss without prejudice. Williams may file an amended complaint by April 9, 2025.

## BACKGROUND

Williams agreed to participate in a medical research study conducted by ICON in exchange for compensation. He signed an informed consent form, which he asserts to be a contract guaranteeing payment upon completion of the study unless he was disqualified from participation for certain enumerated reasons. On the date that the study was scheduled to begin, ICON informed

---

[1] The R&R notes that the defendant has represented that ICON is not its legal name. But the R&R continued to refer to the defendant as ICON for clarity. In order to avoid confusion, this court likewise continues to use the name ICON in this order. If the plaintiff choses to file an amended complaint, he may correct this apparent error.

Williams that he would not be included in the study because a third-party lab did not process a urine sample in time. Williams alleges that this was a lie and that ICON replaced him because an alternate was friends with ICON employees.

Williams sued ICON asserting claims for (1) fraudulent misrepresentation, (2) breach of contract and promissory estoppel, (3) negligence and gross negligence, (4) emotional distress and unfair treatment, and (5) retaliation. ICON moved to dismiss the complaint. Magistrate Judge Oberg subsequently issued an R&R recommending that this court grant the motion and dismiss the action without prejudice.

## ANALYSIS

The court reviews de novo the portions of the R&R to which Williams has objected. *See* FED. R. CIV. P. 72(b)(3). Williams raises six objections.

First, Williams argues that the R&R erroneously recommends dismissal of his fraudulent misrepresentation claim because the informed consent form stated that he was not giving up any legal rights by signing the form, including the right to seek "compensation for injury related to malpractice, fault, or blame on the part of those involved in the research." Asserting that fraudulent misrepresentation is a form of malpractice, Williams contends that the form does not bar this claim. But the R&R's recommendation to dismiss the fraudulent misrepresentation claim had nothing to do with the language of the form or any alleged contractual waiver. Judge Oberg recommended dismissal because the complaint failed to plead facts supporting all of the elements of the fraud claim. Even if Williams did not contractually waive his right to assert a fraudulent misrepresentation claim, he must plead facts supporting the claim. Because Williams does not object to the reasoning supporting the dismissal of this claim, the court adopts the recommendation to dismiss the fraudulent misrepresentation claim.

Second, Williams asserts that Judge Oberg erred because she did not consider video evidence allegedly supporting her fraudulent misrepresentation claim. Courts typically do not consider evidence outside of the complaint when ruling on a motion to dismiss. *Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021). Williams cites an exception to this rule whereby courts may consider "a document central to the plaintiff's claim and referred to in the complaint" in the context of a motion to dismiss. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005). Examples include contracts or deeds. *Id.* The video evidence at issue here, which consists of recordings of conversations between Williams and ICON employees, does not qualify under this exception. The recordings are not documents with independent legal significance that can form the basis for a legal claim, such as a contract or a deed. Accordingly, Judge Oberg did not err by failing to consider these recordings in the context of a motion to dismiss.

Third, Williams contends that the R&R improvidently recommended dismissal of his breach of contract claim because ICON breached the covenant of good faith and fair dealing implied under Utah law. *See Young Living Essential Oils, LC v. Marin*, 266 P.3d 814, 816–17 (Utah 2011). Williams, however, did not allege a breach of this implied duty in his complaint. Nor did he raise this claim in opposition to ICON's motion to dismiss. Because Williams raises this new theory for the first time in his objection, Judge Oberg did not err by failing to address this unpled theory.

Fourth, Williams argues that the R&R misapplied the pleading standards outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) by improperly requiring him to produce definitive proof of fraudulent misrepresentation before discovery. The court disagrees. The R&R did not fault Williams for failing to provide proof. Accepting the factual

3

allegations of the complaint as true, the R&R found that these allegations were not sufficient to support all of the elements of a fraud claim. The R&R did not apply the wrong pleading standard.

Fifth, Williams contends that he was treated differently from other study participants. This appears to be an objection to the R&R's conclusion that claims labeled as "disparate treatment" or "retaliation" should be dismissed because Williams failed to identify any Utah law providing a cause of action and Title VII of the Civil Rights Act does not apply because he did not allege an employee-employer relationship. Williams does not address this reasoning in his objection. He simply repeats his claims of disparate treatment. Because he fails to identify a flaw in the R&R's reasoning, the court overrules this objection.

Sixth, Williams faults the R&R for recommending dismissal without allowing an opportunity to amend. This objection misreads the R&R, which recommends dismissal without prejudice. The R&R did not specifically address amendment because Williams had not requested leave to amend.

Because Williams has now raised the issue of amendment in his objection, the court grants leave to file an amended complaint. If Williams believes that he can allege additional facts to address the deficiencies outlined in the R&R, he may file an amended complaint by April 9, 2025. If Williams does not file an amended complaint by this date, the court will close this case, and he will be required to file a new action if he wishes to pursue his claims.

## CONCLUSION

For the above stated reasons, the court overrules Williams's objections and adopts the R&R. Accordingly, the court rules as follows:

1) ICON's motion to dismiss is GRANTED. ECF No. 14. Dismissal is without prejudice. Williams has leave to file an amended complaint by April 9, 2025. If Williams chooses not to file an amended complaint by this date, the court will close this case.

2) Williams's motion to present evidence to the court, ECF No. 21, and his motion to correct a scrivener's error in the motion to present evidence, ECF No. 23, are both DENIED AS MOOT.

DATED March 18, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge